929 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald L. HUDSON, George R. Sherman, Leo Spurling,
Plaintiffs-Appellants,
v.
William SEABOLD, Tim Barnes, William Sewell, Joe Stuart,
John T. Wigginton, Brad Mitchell, Defendants-Appellees.
 No. 90-6293.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1991.
 
 W.D.Ky., No. 89-00166; Simpson, J.
 
 
 1
 W.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before CORNELIA G. KENNEDY and RYAN, Circuit Judges, and FEIKENS, Senior District Judge.*
 
 ORDER
 
 4
 Plaintiffs, pro se prisoners incarcerated at the Kentucky State Penitentiary (KSP), in Eddyville, Kentucky, appeal the district court's summary judgment in favor of the defendants in this prisoner's civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. Additionally, they request the appointment of counsel. The appellees have chosen not to file a brief. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Plaintiffs sued the Warden of KSP, the Chairman of the Adjustment Committee, a Sergeant at KSP, a Classification Treatment Officer at KSP, the Secretary of the Kentucky Department of Corrections, and the Cellhouse Unit Director at KSP, alleging that the plaintiffs had been found guilty of assault without due process. The substance of plaintiffs' complaint is that the finding of the adjustment committee that the plaintiffs were guilty of assaulting an inmate was not based on sufficient evidence. They urge that insofar as the committee found three other inmates not guilty based upon lack of evidence against them their cases should similarly have been dismissed. Additionally, plaintiff Hudson argued that his classification in the administrative control unit constituted cruel and unusual punishment and had no justification. Plaintiffs sought monetary, declaratory, and injunctive relief. They also sued the defendants in their individual capacities.
 
 
 6
 The district court granted summary judgment in favor of the defendants after finding that the defendants had complied with the due process requirements as set forth in Superintendent, Mass.Corr.Inst. v. Hill, 472 U.S. 445, 455-56 (1985). The court further found that the defendants had complied with Hensley v. Wilson, 850 F.2d 269, 276-83 (6th Cir.1988), in corroborating confidential information supplied to the adjustment committee. Finally, regarding plaintiff Hudson's claim, the court found that because his status was reviewed in a periodic and nonadversarial setting, the Classification Committee had complied with the due process requirements set forth in Hewitt v. Helms, 459 U.S. 460 (1983). This appeal followed. As plaintiff Hudson has not raised his specific claim on appeal, it is considered abandoned and will not be reviewed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Upon review, we find no error. There is no dispute of fact and the defendants are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 
 8
 Accordingly, the request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation